06 CV 6011

Judge Casey

Helen F. Dalton & Associates, PC
Elliot P. Alony (EA 6132)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X



JESUS M. GONZALES,

      Plaintiff,

-against-

ZANACA RISTORANTE CORP., d/b/a
CINQUANTA, and JOHN LONZAR,
an individual,

      Defendants.

----------------------------------------------------------/

**COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff JESUS M. GONZALES (hereinafter referred to as "Plaintiff"), by his attorneys Helen F. Dalton & Associates, PC, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, through undersigned counsel, bring this action against Zanaca Ristorante Corp., And John Lonzar (collectively, "Defendants") to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiffs employment at Cinquanta Restaurant, in New York, New York.

3. Plaintiff was employed by Defendants to work preparing food at Cinquanta Restaurant from April 11, 2005 until his employment was terminated on June 23, 2006. Although Plaintiff worked approximately 63 hours or more per week, Defendants did not pay Plaintiff overtime wages at a wage rate of 1.5

times his regular rate for hours worked in excess of forty hours per week, a blatant violation of the minimum wage and overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. As a result of these violations of federal and state labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $10,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C §1331.

6. This Court has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U S C §1367.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9. Plaintiff resides in Kings Country, New York and was employed by Defendants at the Cinquanta restaurant in New York, New York from on or about April 11, 2005 until on or about June 23, 2006.

10. Upon information and belief, Defendant Zanaca Ristorante Corp., is a corporation organized under the laws of New York with a principal executive office at 50 East 50th Street, New York, New York.

11. Upon information and belief, Zanaca Ristorante Corp., owns and/or operates a restaurant that does business under the name "Cinquanta" at 50 East 50th Street, New York, New York.

12. Upon information and belief, Defendant John Lonzar ("Lonzar") is the Chairman of the Board of Zanaca Ristorante Corp.

13. Upon information and belief, Defendant Lonzar is the Chief Executive Officer of Zanaca Ristorante Corp.

14. Upon information and belief, Defendant Lonzar is an agent of Zanaca Ristorante Corp.
15. Upon information and belief, Defendant Lonzar has power over personnel decisions.
16. Upon information and belief, Defendant Lonzar has power over payroll decisions.
17. Defendant Lonzar has the power to hire and fire employees at Cinquanta, establish and pay their wages, set their work schedule, and maintain their employment records.
18. During relevant times, Defendant Lonzar was Plaintiffs employer within the meaning of the FLSA and New York Labor Law.
19. On information and belief, Defendant Zanaca Ristorante Corp. is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that it (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

20. Plaintiff was employed by Defendants at Cinquanta in New York, New York between approximately January 2, 2005 and January 19, 2006.
21. During his employment by Defendants at Cinquanta, Plaintiffs primary duties were preparing appetizers and other food items at the salad bar. Plaintiff also performed other miscellaneous duties as directed by supervisors and managers.
22. Defendants usually created weekly work schedules requiring Plaintiff to work well more than forty hours per week. Plaintiff usually worked 63 to 65 hours per workweek.
23. At all relevant times, both federal and state law have required Defendants to pay Plaintiff overtime wages at a wage rate of 1.5 times his regular rate for hours worked in excess of forty hours per week.

24. During many or all weeks in which Plaintiff was employed by Defendants, Plaintiff worked in excess of forty hours per week.
25. Defendants did not pay Plaintiff for his services and labor at a rate that is one and a half times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty in a workweek.
26. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in Cinquanta as required by both NYLL and the FLSA.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

27. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.
28. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
29. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
30. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
31. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times the minimum wage, the minimum regular rate of pay to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. § 207(a)(1).
32. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.
33. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs

of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §§216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

34. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.
35. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
36. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
37. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to one-quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.
39. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day he worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.4.
40. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid spread of hours compensation, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 663(1)

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff spread of hours compensation;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiff prejudgment and postjudgement interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

**Dated:** This 2nd day of August 2006

*[signature]*

Elliot P. Alony Esq. (EA 6132)
**Helen F. Dalton & Associates, PC**
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS M. GONZALES,

    Plaintiff,

  against-

ZANACA RISTORANTE CORP., d/b/a
CINQUANTA, and JOHN LONZAR,
an individual,

    Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

To:

**Zanaca Ristorante Corp., d/b/a Cinquanta**
50 East 50th Street
New York, NY 10022

**John Lonzar**
50 East 50th Street
New York, NY 10022